IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SILAS JOHN DRUM,<br><br>Defendant. | CR 15-84-GF-BMM-JTJ<br><br>FINDINGS AND<br>RECOMMENDATIONS |

## I.    Synopsis

Defendant Silas John Drum (Drum) has been accused of violating conditions of his supervised release. (Docs. 74 and 83). Drum admitted the alleged violations. Drum's supervised release should be revoked. Drum should be sentenced to custody for 5 months, with 105 months of supervised release to follow.  During the term of supervised release, Drum shall be placed in a residential reentry center for a period of up to 180 days at the direction of his probation officer.

## II.    Status

On February 2, 2016, Drum pleaded guilty to the offense of Abusive Sexual Contact, in violation of 18 U.S.C. §§ 1153(a) and 2244(a)(5) as charged in Count 2 of the Indictment.  (Doc. 50).  The Court sentenced Drum to 130 months of custody,

followed by 10 years of supervised release. (Doc. 76). Drum's current term of supervised release began on March 5, 2026.

**Petition**

On May 29, 2026, the United States Probation Office filed a Petition requesting that the Court revoke Drum's supervised release. (Doc. 74). The Petition alleged Drum violated conditions of his supervised release by: (1) violating the conditions of home confinement by leaving his residence on May 15, 2026, without the permission of his probation officer; (2) violating the conditions of home confinement by leaving his residence on May 26, 2026, without the permission of his probation officer; and (3) violating the conditions of home confinement by failing to return to his residence at his scheduled time on May 28, 2026.

**Initial Appearance**

Drum appeared before the Court on June 3, 2026. Drum was represented by counsel. Drum stated that he had read the Petition and that he understood the allegations against him. Drum waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on June 3, 2026. Drum admitted, with an explanation, that he had violated the conditions of supervised release as set

forth as allegations 1-3 in the Petition.  The Court continued Drum's sentencing until July 7, 2026 at 10:30 a.m.

**Amended Petition**

On July 2, 2026, the United States Probation Office filed an Amended Petition requesting that the Court revoke Drum's supervised release. (Doc. 83). The Amended Petition alleged Drum additionally violated conditions of his supervised release by: (4) failing to follow the instructions of his probation officer regarding completion of his Home Confinement Daily Activity Form during June of 2026; (5) violating the conditions of home confinement by submitting a partially completed schedule of his proposed activities for the week of June 28, 2026, and by leaving his residence on July 1, 2026, without the permission of his probation officer; and (6) violating the conditions of home confinement by failing to be  in his room at the Popular Hotel on July 1, 2026, without the permission of his probation officer.

**Second Revocation Hearing**

Drum appeared before the Court on July 7, 2026.  The parties consented to proceed with the revocation hearing before the undersigned. Drum stated that he had read the Amended Petition and that he understood the allegations against him.  Drum waived his right to a preliminary hearing.  The Court noted that Drum had previously admitted allegations 1-3 of the Amended Petition.  Drum then admitted that he had violated the conditions of supervised release as set forth as allegations 4, 5, and 6 in

the Amended Petition. Drum's admitted violations, 1-6, are serious and warrant revocation of his supervised release.

**Sentencing hearing**

Drum appeared before the Court on July 7, 2026. Drum's violations are Grade C. His criminal history category is I. Drum's underlying offense is a Class A felony. Drum could be incarcerated for up to 60 months. Drum could be ordered to remain on supervised release for 120 months less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.    Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Drum's supervised release should be revoked. Drum should be sentenced to custody for 5 months, with 105 months of supervised release to follow. During the term of supervised release, Drum shall be placed in a residential reentry center for a period of up to 180 days at the direction of his probation officer. This sentence is sufficient but not greater than necessary

### IV.    Conclusion

The Court informed Drum that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Drum of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Drum that Judge Morris would consider a timely objection before making a final determination on whether to revoke his

supervised release and what, if any, sanction to impose. Drum waived his right to

appeal and allocute before Judge Morris.

The Court **FINDS:**

That SILAS JOHN DRUM has violated the conditions of his supervised release by: (1) violating the conditions of home confinement by leaving his residence on May 15, 2026, without the permission of his probation officer; (2) violating the conditions of home confinement by leaving his residence on May 26, 2026, without the permission of his probation officer; (3) violating the conditions of home confinement by failing to return to his residence at his scheduled time on May 28, 2026. (4) failing to follow the instructions of his probation officer regarding completion of his Home Confinement Daily Activity Form during June of 2026; (5) violating the conditions of home confinement by submitting a partially completed schedule of his proposed activities for the week of June 28, 2026, and by leaving his residence on July 1, 2026, without the permission of his probation officer; and (6) violating the conditions of home confinement by failing to be  in his room at the Popular Hotel on July 1, 2026, without the permission of his probation officer.

The Court **RECOMMENDS:**

That the District Court revoke Drum's supervised release and sentence Drum to custody for 5 months, with 105 months of supervised release to follow. During the term of supervised release, Drum shall be placed in a residential reentry center for a period of up to 180 days at the direction of his probation officer.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and

Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing.  28 U.S.C.  Section 636(b)(1).  A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 8th day of July 2026.


John Johnston
United States Magistrate Judge